IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**PHILIP SHROPSHIRE,**   )
                         )
    Plaintiff,     )
                         )
  v.                     )    2:18cv221
                         )    **Electronic Filing**
**ELISABETH WHEELER, PIVOT**   )
**PHYSICAL THERAPY** formerly known   )
as ALLEGHENY CHESAPEAKE,   )
                         )
                         )
    Defendants.    )

## MEMORANDUM ORDER

AND NOW, this 26th day of March, 2019, upon due consideration of defendants' motion to dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that [12] the motion be, and the same hereby is, granted;

IT FURTHER IS ORDERED that [23] plaintiff's request for leave to amend be, and the same hereby is, granted. Plaintiff shall file an amended complaint on or before April 15, 2019, containing short and plain averments of historical facts and workplace-related events which plaintiff intends to use to support his claims for discrimination; and

IT FURTHER IS ORDERED that [27] plaintiff's request for a status conference, discovery or public hearing be, and the same hereby is, denied as premature.

Plaintiff's *pro se* complaint advances the following historical facts. Plaintiff was hired at Pivot Technology around February 8, 2016, "as a kind of taxi driver who delivered patients to and from the Penn Avenue clinic and back to their homes." "Pro Se Civil Complaint" (Doc. No. 4) at ¶ 8. He received an employee handbook at the time of his hire. Id. It contained a multi-tiered system of discipline applicable to employee infractions. Id. Plaintiff was the lone African-American employee working for defendant Pivot Physical Therapy. Id.

During his employment plaintiff made 70 to 100 trips without error or complaint. An incident arose on May 31, 2016. Plaintiff was late for a pick-up. He received the wrong address from defendant Elizabeth Wheeler, or another employee under her supervision. The incorrect address caused plaintiff to go to the wrong address, which in turn made him late. Id. at ¶ 9.

Plaintiff was fired on or shortly after May 31, 2016. Id. at ¶ 8. He believes he was fired because of his race. Id. at ¶ 11. He accuses defendant of holding him to a "hypercritical standard not applied to white workers, treating white workers better and holding them to a lesser standard . . . . " Id. He is prepared to establish that defendant's EEOC statement advances a host of pretextual reasons for his termination. Id.

Plaintiff does not identify any Caucasian employee who was treated differently under similar circumstances. In his submissions filed subsequent to the complaint plaintiff argues that a number of defendant's statements and reasons for its decision to terminate plaintiff are based on an erroneous or false construction of his work record. He also complains that he did not receive the multi-tiered discipline set forth in the handbook.

Defendants move to dismiss on a variety of reasons, including the failure to exhaust administrative remedies due to the failure to 1) file a timely charge of discrimination, 2) cooperate in the EEOC's investigation, and 3) file his complaint in a timely manner. In addition, defendants assert plaintiff has failed to allege sufficient facts to state a plausible claim upon which relief can be granted.

It is well settled that pleadings filed by *pro se* litigants are to be construed liberally. McNeil v. United States, 508 U.S. 106, 113 (1993); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). And in such circumstances the court has an obligation to "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." Higgins, 293 F.3d at 688 (quoting Holley v. Dept. of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

But the above-referenced standards are not to be read as a license to excuse or overlook procedural shortcomings in pleadings submitted by those who choose to represent themselves. McNeil, 508 U.S. at 113 ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Thus, a complaint drafted without the benefit of counsel nevertheless must comply with Federal Rule of Civil Procedure 8(a). And, while Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claims showing that the pleader is entitled to relief," Rule 12(b)(6) is not without meaning. Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002). It follows that in order to comply with the applicable pleading standards "more detail is often required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Id. at 142 - 43 (quoting Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1357 at 318 (2d ed. 1990)). This principle appears to be even more well-grounded after Twombly.

Defendants seek to have plaintiff's initial complaint dismissed pursuant to various arguments about exhaustion that govern pleadings filed by skilled attorneys. They likewise seek dismissal on the ground that plaintiff has not set forth a plausible claim for relief. And they seek dismissal with prejudice. We decline to grant such relief at this juncture. Nevertheless, plaintiff must place the factual grounds that address the prerequisites for the filing of his claim (i.e., the timeliness of his administrative and court filings that plausibly show the appropriate exhaustion of his administrative remedies on his Title VII and PHRA claims) in an operative complaint and

that operative complaint must contain short and plain allegations of fact which make a plausible showing that he is entitled to relief under a cognizable legal theory of recovery.[1]

As a general matter, a plaintiff is to be granted leave to amend a claim that has been dismissed when an amendment might be able to cure the deficiencies resulting in the dismissal. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Plaintiff's responses to defendants' motion raise a significant level of doubt as to whether leave can displace a number of defendants' challenges. Nevertheless, out of an abundance of caution plaintiff has been granted leave to make such a showing.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Philip Shropshire
 740 Franklin Avenue
 Pittsburgh, PA 15221

 (*Via First Class Mail*)

 Jennifer S. Park, Esquire
 Alex M. Lacey, Esquire
 Kelsey J. Gdovin, Esquire

 (*Via CM/ECF Electronic Mail*)

---

[1] Plaintiff's reliance on the doctrine of pretext and the supposed myriad of "pretextual reasons" advanced by defendant seeks to put the cart before the horse. Plaintiff's obligation in the first instance is to set forth factual allegations that make out a plausible showing of entitlement to relief. His first effort at attempting to do so has fallen short of the mark. Accordingly, it would be inappropriate to proceed on plaintiff's motion for a status conference, discovery or public hearing.